# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

Henrietta JENKINS                                              PLAINTIFF

v.                                             CIVIL ACTION NO. 3:18-CV-244-CRS

DELTA AIR LINES, INC.                                          DEFENDANT

## MEMORANDUM OPINION

**I.    Introduction**

This case is before the Court on three related motions. Plaintiff, offering a stipulation that her claim seeks damages in an amount less than $75,000, has moved to remand this case to the state court. DN 4. Defendant, content with remaining in this Court (if only briefly), opposes that motion (DN 8) and offers a motion to dismiss (DN 6). Rather than respond to that motion, Plaintiff has filed a motion to stay a ruling on the motion to dismiss pending remand. DN 7. Delta responded in opposition. DN 9. Finding that the amount in controversy exceeds $75,000, but that the stipulation is an unequivocal and binding limitation, the Court will grant the motion to remand and deny all other pending motions as moot.

**II.   Factual Background and Procedural History**

Henrietta Jenkins was employed by Delta Air Lines, Inc. as a gate agent at Louisville International Airport. DN 1-2 at 3.[1] In that position, Jenkins alleges she was repeatedly subjected to inappropriate sexual comments and demeaning gender-based comments. *Id.* at 4. She complained to Delta about the harassment utilizing the company's approved policies. *Id*. She alleges she was then fired on March 22, 2013, in retaliation for those complaints. *Id*. Jenkins

---

[1] Delta contends that Jenkins actually worked for DAL Global Services, LLC, a wholly-owned subsidiary of Delta which provides it with staffing services. DN 1 at 3. Given the Court's ruling on remand, this dispute is of no consequence.

filed suit in Jefferson County Circuit Court, bringing claims of workplace discrimination pursuant to the Kentucky Civil Rights Act, KY. REV. STAT. § 344.010, *et seq*, on March 14, 2018. *Id.* at 4–5. Delta removed the case to this Court based on diversity of citizenship jurisdiction. DN 1. The pending motions followed.

**III. Discussion**

A civil case brought in state court may be removed to the federal district court embracing the place where the state action is pending so long as the federal court would have subject matter jurisdiction. 28 U.S.C. § 1441(a). A federal court has subject matter jurisdiction based on diversity of citizenship when the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). In this case, no party contends that the complete diversity requirement is not met. Jenkins is a citizen of the Commonwealth of Kentucky. Delta is a citizen of Delaware (its state of incorporation) and Georgia (the location of its principal place of business). *See* 28 U.S.C. § 1332(c)(1). The parties disagree, however, as to the amount in controversy.

This case presents two issues: "(1) whether the amount in controversy exceeds $75,000, and (2) whether Plaintiff's postremoval stipulation destroys the $75,000 amount-in-controversy requirement for § 1332 jurisdiction." *Agri-Power, Inc. v. Majestic JC, LLC*, 5:13-CV-46-TBR, 2013 WL 3280244, at *4 (W.D. Ky. June 27, 2013). Ultimately, the Court concludes that Delta has carried its burden and demonstrated by a preponderance that the amount in controversy well exceeds $75,000. However, the Court also determines that the post-removal stipulation is an unequivocal clarification of the relief sought. Therefore, the Court will remand this case to the Jefferson County Circuit Court.

A.      **Amount in Controversy**

Ordinarily, the plaintiff's asserted amount in controversy controls so long as it is demanded in good faith. 28 U.S.C. § 1446(c)(2). However, where state pleading rules do not permit a demand for a specific sum or permit the recovery of damages exceeding the amount prayed for, the defendant may assert the amount in controversy in the notice of removal. 28 U.S.C. § 1446(c)(2)(A)(ii); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). Under such a scenario, the burden is on the defendant to prove, by a preponderance of the evidence, that the amount in controversy is met at the time of removal. *Rogers*, 230 F.3d at 872.

In Kentucky, state law prohibits a plaintiff from reciting a specific sum as alleged damages, KY. R. CIV. P. 8.01(2), and permits recovery in excess of the amount prayed for, KY. R. CIV. P. 54.03(2). Therefore, Delta is entitled to prove by a preponderance that the amount in controversy exceeds $75,000. Delta does so by adducing evidence that Jenkins made $9 per hour and worked approximately 40 hours per week. DN 1 at 3. Therefore, lost wages would amount to roughly $18,720 per year. With claims from March 22, 2013 (the date of Jenkins's termination) to March 14, 2018 (the date of filing the state complaint at issue here) alone, the amount in controversy neared $94,000. When that amount is coupled with potential attorney's fees and punitive damages, the preponderance of the evidence demonstrates that the amount in controversy exceeds $75,000. This method of valuation has been repeatedly endorsed by this Court. *See Proctor v. Swifty Oil Co.*, 3:12-CV-490-TBR, 2012 WL 4593409, at *2–3 (W.D. Ky. Oct. 1, 2012) (properly considering potential punitive damages and attorney's fees in determining the amount in controversy); *Sanders v. Print Fulfillment Servs., LLC*, 3:17-CV-245-

CRS, 2017 WL 2624550, at *2 (W.D. Ky. June 16, 2017) (the evidence of the amount in controversy must come from evidence in the case at bar).

Jenkins attempts to escape the conclusion that the amount in controversy exceeds $75,000 by claiming in her complaint that "[t]he amount in controversy exceed [sic] the jurisdictional limit of [the state] court, however, is less than $75,000 inclusive of fees, punitive damages and the fair value of any injunctive relief." DN 1-2 at 4. However, "a statement in a complaint declaring that the plaintiff is seeking less than $75,000 is insufficient to affirmatively establish that the amount in controversy for diversity jurisdiction cannot be met." *Cook v. Estate of Moore*, 3:12-CV-485-H, 2012 WL 5398064, at *1 (W.D. Ky. Nov. 2, 2012). Therefore, that statement is disregarded. Without any other dispute from Jenkins at the time of removal, it appears that Delta has met its burden of demonstrating, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. However, that is not the end of the inquiry.

### B. Effect of Post-Removal Stipulation

This Court has repeatedly held that "plaintiffs are entitled to stipulate that they do not seek, nor will they accept, damages in an amount exceeding $75,000, which would destroy the amount in controversy requirement for § 1332 jurisdiction." *Spence v. Centerplate*, 931 F.Supp.2d 779, 781 (W.D. Ky. 2013) (citation omitted). For such a stipulation to have an effect, it must be both unequivocal and a clarification of the amount in controversy. *Egan v. Premier Scales & Sys.*, 237 F.Supp.2d 774, 778 (W.D. Ky. 2002).

#### i. Clarification

"[E]vents occurring after removal that *reduce* the amount in controversy do not oust jurisdiction." *Rogers*, 230 F.3d at 872 (emphasis added). This is so because, "[i]f plaintiffs were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate

proceedings merely because their federal case begins to look unfavorable." *Id.* However, while a plaintiff may not *reduce or change* the demand by stipulation, they may *clarify* the amount at issue in the complaint. *Egan*, 237 F.Supp.2d at 776. "[W]here a plaintiff provides specific information about the amount in controversy for the first time, it should be deemed a *clarification* rather than a change." *Id.* at 778 (emphasis in original).

Delta contends that no clarification is needed because it is clear that the amount in controversy exceeds $75,000, that Jenkins could have filed a clarification in the state court, and that Plaintiff is unfairly manipulating the proceedings. DN 8 at 5–8. It cites no case law for those propositions, other than the continued general statements that a post-removal stipulation which reduces the amount in controversy does not remove jurisdiction. Meanwhile, it asks this Court to disregard Jenkins's two attempts, made in the complaint, *Id*. at 5, and the stipulation, *Id.* at 7, to declare her sought-after remedy and choose the venue in which she wishes to litigate. Put simply, the plaintiff is the "master of the claim." *Rogers*, 230 F.3d at 871. At least in this District, that mastership comes with the ability to stipulate regarding the amount in controversy. *See Egan*, 237 F.Supp.2d at 778.

Though not directly raised by Delta, there is caselaw in this District which would indicate that, where the complaint included some language regarding a limitation of damages, any subsequent stipulation would fail to destroy jurisdiction because it would not be the "first time" the amount in controversy was addressed and, therefore, could not be a clarification. *Blocker v. PPG Indus., Inc.*, 3:17-CV-29-DJH, 2017 WL 3431136, at *1 (W.D. Ky. Aug. 9, 2017). That holding is certainly proper where the amount in controversy is discussed for the first time in an equivocal stipulation or in a request for admission. *See Gatlin v. Show Show, Inc.*, 3:14-CV-446-TBR, 2014 WL 4727289, at *1 ("Gatlin's second affidavit fails because it is not 'the first time'

she has provided 'specific information about the amount in controversy.'"); *Heyman v. Lincoln National Life Ins. Co.*, 3:16-CV-37-DJH, 2017 WL 3274452, at *2 (W.D. Ky. April 27, 2017) ("Heyman's most recent stipulation is . . . at least the third such statement."); *Abrams v. Dakota Integrated Sys., LLC*, 3:13-CV-1218-CRS, 2014 WL 2457513, at *2 (W.D. Ky. June 2, 2014) ("The stipulation cannot operate to 'clarify' the amount in controversy because it was made after Plaintiff's deemed admission[ that the amount in controversy exceeded $75,000].").

However, when applying that reasoning to a complaint which has been forced to comply with Kentucky's pleading requirements, the system becomes fundamentally unfair. This is particularly true when the statement in the complaint and the statement in the stipulation are consistent with each other. As the late Judge Heyburn (the author of many of the prominent cases in this arena) noted:

> The state of Kentucky has enacted a law that prohibits the Plaintiff from making a specific monetary demand, over and above the state's minimal amount in controversy. To hold that Plaintiff's claim could be transformed into a matter for the federal courts any time a diverse Defendant proved the possibility that Plaintiff might recover more than $75,000 would automatically transform most Kentucky state law claims into questions for federal courts. Such a rule would run directly counter to the overarching principle that federal courts are courts of limited subject matter jurisdiction, and that, as a direct consequence, they are to construe removal petitions in a manner that resolves all doubts against removal. Furthermore, because of the Kentucky rule, Plaintiff has no other way of keeping her claim—should she choose to seek less than the federal jurisdictional amount—in state court. [T]he Supreme Court reasoned that a rule prohibiting post-removal stipulations was fair because "if [plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though [plaintiff] would be justly entitled to more, the defendant cannot remove." However, in Kentucky, where no specific amount could permissibly be stated in the state court complaint, such a rule does not apply in a fair manner.

*Egan*, 237 F.Supp.2d at 777 (citations omitted). For those reasons, *Egan* insisted that, since "the complaint [does not] limit[] the amount of a potential judgment," parties should submit "an unequivocal statement and stipulation limiting damages" to serve that purpose. *Id.* at 778.

Further, other case law in this District from Judge Heyburn appears to directly disagree with *Blocker*'s conclusion. In *Cook*, which directs the Court to disregard language in the complaint, the Court noted that the *only* proper course would be for the plaintiff to file a stipulation. *Cook*, 2012 WL 5398064, at *1. There, as here, the plaintiff had pled in her complaint that her claims amounted to less than $75,000. *Id.* The Court disregarded that language, citing Kentucky's Rules of Civil Procedure. *Id.* At that point, *Blocker* would find the case resolved. However, Judge Heyburn explicitly stated that "[e]ven though the statement in her Complaint was insufficient, Plaintiff had to opportunity to properly stipulate to this damages limitation." *Id.*

Therefore, when the complaint includes language which discusses the amount in controversy, that language, although improper and disregarded under pleading rules, does not prevent the filing of a subsequent stipulation to clarify the amount in controversy. Holding otherwise improperly handicaps the plaintiff's ability to be the "master of the claim." For those reasons, the Court thinks that the rule adopted by *Blocker* is unworkable, unfair, and improperly enlarges this Court's removal jurisdiction. It contradicts the reasoning of *Egan* and *Cook* and, therefore, the Court declines to follow it. The stipulation in this case is Jenkins's first chance to demonstrate the true scope of her claims and, therefore, operates as a clarification.

### ii. Unequivocal

An unequivocal statement is one that truly limits damages, as "[t]o merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." *Egan*, 237 F.Supp.2d at 778. This Court has had sufficient opportunity to pass on the equivocality of stipulations such that myriad guidance is available. Here, Jenkins stipulates that "[t]he amount in controversy in connection with Plaintiff's claims asserted in this case is less

7

than seventy-five thousand dollars ($75,000), inclusive of punitive damages, costs, attorneys' fees, and the fair market value of any injunctive relief" and that "Plaintiff will neither seek nor accept any amount equal to or greater than seventy-five thousand dollars ($75,000), inclusive of punitive damages, costs, attorneys' fees, and the fair market value of any injunctive relief." DN 4-1 at 1.

The language that the plaintiff will neither "seek nor accept" an amount which exceeds $75,000 has been repeatedly found to be unequivocal by Kentucky federal courts. *See Spence*, 931 F.Supp.2d at 780; *Tankersley v. Metinrea Heavy Stampings, Inc.*, 33 F.Supp.3d 775, 781 (E.D. Ky. 2014); *Phelps v. UPS Ground Freight, Inc.*, 3:15-CV-459-CRS, 2015 WL 6680914, at *1 (W.D. Ky. Oct. 30, 2015); *Jefferson v. Hyatt*, 3:14-CV-601-TBR, 2015 WL 1611834, at *4–5 (W.D. Ky. April 9, 2015); *Martin v. UPS Supply Chain Solutions*, 3:14-CV-342-TBR, 2015 WL 691557, at *4–5 (W.D. Ky. Feb. 18, 2015); *Abrams*, 2014 WL 2457513, at *2; *Jester v. Kenco Logistics Servs., LLC*, 3:13-CV-385-S, 2013 WL 6072994, at *2 (W.D. Ky. Nov. 18, 2013); *Agri-Power*, 2013 WL 3280244, at *4; *Van Etten v. Boston Scientific Corp.*, 3:09-CV-442-H, 2009 WL 3485909, at *1 (W.D. Ky. Oct. 23, 2009). At least one opinion disagrees. *Proctor*, 2012 WL 4593409, at *1. However, *Proctor*'s ruling on equivocality was "an aberration." *Tankersley*, 33 F.Supp.3d at 782.

The Court again finds such language unequivocal. Since it prevents Jenkins from seeking or accepting money in excess of the jurisdictional amount, it "leaves Plaintiff no room to escape the bounds of its restrictions." *Spence*, 931 F.Supp.2d at 782. Stipulations of this sort are factual and, as such, are binding and conclusive on Jenkins. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). For those reasons, "any attempt to void the commitment will be considered to be sanctionable conduct and may justify re-removal." *Jester*, 2013 WL 6072994, at *2. *See*

8

*also Van Etten*, 2009 WL 3485909, at *2 ("Should counsel or Plaintiff attempt to void this commitment, . . . this should be dealt with the utmost severity."). Therefore, with that understanding, the Court will remand the case to the Jefferson County Circuit Court.

## IV. Conclusion

This Court and others have repeatedly expressed a concern that the stipulation mechanism for the amount in controversy might be used to improperly influence jurisdiction. However, as the plaintiff, Jenkins is the "master of the claim" and is permitted, within the law, to direct that claim how she desires. Congress, the Sixth Circuit, and this Court have crafted a workable test to prevent the Court from overstepping its jurisdictional boundaries while also preventing the abuse of the removal and remand processes. Applying that test to this case, the Court finds the stipulation to be an unequivocal clarification that the amount in controversy does not exceed $75,000. As a result, this Court lacks jurisdiction and will remand the case to the Jefferson County Circuit Court.

A separate order will be entered in accordance with this opinion.

December 21, 2018

Charles R. Simpson III, Senior Judge
United States District Court